# Faulkner & Faulkner v. Wakenva Coal Company, Inc., et al.

(Decided May 30, 1933.)

W. A. STANFILL and M. K. EBLEN for appellants.

GEORGE E. SAUFLEY and P. T. WHEELER for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

H. C. and W. E. Faulkner, partners, engaged in the practice of law under the firm name of Faulkner & Faulkner, instituted this action in the Perry circuit court against the Wakenva Coal Company and the Amalgamated Coal Corporation seeking to recover a balance of $10,143.89 on account for legal services rendered, alleging in their petition that services were rendered the Wakenva Coal Company continuously from the time it acquired and began operating certain coal properties in Perry county until it sold out its holdings to the Amalgamated Coal Corporation, that the latter recognized and assumed the obligations of the Wakenva Coal Company, and that they thereafter performed the other services set out in the account for the latter company. Plaintiffs caused an attachment to be issued and levied on certain properties, alleging that title to the properties was in the Amalgamated Coal Corporation, but that it belonged to one or the other of the defendants.

On final hearing it was adjudged that plaintiffs recover of defendants the sum sued for, but it was further adjudged that the attachment be discharged, and that plaintiffs acquire no lien upon any of the property of defendant companies or either of them by reason of the attachment.

From that part of the judgment dismissing the attachment and adjudging plaintiffs acquired no lien by reason thereof plaintiffs have appealed.

The reason for the court action does not appear in the judgment or elsewhere in the record in this appeal; however, it appears in briefs of counsel for respective parties, and from the case of Wakenva Coal Company v. Johnson et al., — Ky. — , 60 S. W. (2d) — , this day decided, and with which this case was heard, and from an opinion on a former appeal of these cases (235 Ky. 558, 28 S. W. [2d] 737), that the court's action was based on the theory that all properties belonging to either of defendant companies had gone into the hands of the receiver of the Wakenva Coal Company prior to the suing out and levying of the attachment.

It is contended by appellants that certain properties upon which their attachment was levied were never placed in the hands of the receiver, and that the first mention thereof in any of the proceedings was made in

the report filed by the receiver shortly before the judgment for the sale of the properties was entered; however, it appears from pleadings and orders in the consolidated actions going to make up the record in the two appeals in the case of Wakenva Coal Company v. Johnson et al., that all property, real and personal, belonging to the Wakenva Coal Company or to either of them, had been placed in charge of the receiver before appellant's attachment suit was filed, although all the properties were not specifically described in the pleadings, judgments, and orders of the court. Not only so, but this is clearly indicated by orders of the United States District Court where application for receivership for the coal companies was first made.

Our conclusion is that all the properties of the coal companies had been placed in charge of the receiver before appellants' attachment suit was filed; it therefore follows that the court did not err in the judgment with respect thereto.

Judgment affirmed.